David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

## DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

HOU:3552471.6

**A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

**EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED. IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTORS AND ON ANY OTHER PARTY SPECIFIED IN THE NOTICE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Miller Energy Resources, Inc., *et al.*, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby file this emergency motion (the "Motion") for an order pursuant to Section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Alaska Local Bankruptcy Rules consolidating for procedural purposes only, and providing for joint administration of, the Debtors' separate chapter

2

11 cases. In support of this Motion, the Debtors rely on the Declaration of Carl F. Giesler, Jr., Chief Executive Officer of Miller Energy Resources, Inc., *et al*, in Support of Chapter 11 Petitions and First Day Motions, sworn to on October 1, 2015 (the "First Day Declaration").[2] The First Day Declaration and other relevant case information is available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Prime Clerk LLC, in connection with these chapter 11 cases: https://cases.primeclerk.com/millerenergy.com. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Section 342(c) of the Bankruptcy Code, Bankruptcy Rules 1005, 1015(b), and 2002(n), and AK LBR 1015-1.

## BACKGROUND

4. On October 1, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[3]

5. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

[3] As further discussed in the First Day Declaration, an Involuntary Petition was filed August 6, 2015 against Cook Inlet Energy, LLC. Simultaneously with the filing of voluntary petitions for the other Debtors, Cook Inlet Energy, LLC has filed a Consent to Entry of the Order for Relief. The First Day Declaration contains additional information relating to the Involuntary Petition.

3

appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

6.      A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this Motion. The Debtors hereby adopt and incorporate such description as if fully set forth herein.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of an order directing that their chapter 11 cases be consolidated for procedural purposes and jointly administered under a single case number and caption—Cook Inlet Energy, LLC, No. 15-00236.

## BASIS FOR RELIEF

8.      Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b).

9.      Miller Energy Resources, Inc. ("MER") owns 100% of (i) Miller Drilling, TN LLC; (ii) Miller Energy Services, LLC; (iii) Miller Energy GP, LLC; (iv) Miller Rig & Equipment, LLC; (v) Cook Inlet Energy, LLC ("CIE"); (vi) East Tennessee Consultants, Inc.; (vii) East Tennessee Consultants II, L.L.C.; and (viii) Savant Alaska, LLC. CIE currently owns 100% of Anchor Point Energy, LLC. Savant Alaska, LLC currently owns 100% of Nutaaq Operating LLC.

10.     CIE is the operating entity of the Debtors for the majority of the Alaska assets.

4

11. Section 101(2)(A) of the Bankruptcy Code provides that an "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." Because MER holds directly or indirectly 20 percent or more of the outstanding equity interests of each of the respective Debtors, those subsidiaries are "affiliated" with MER, as provided by section 101(2)(A) of the Bankruptcy Code.

12. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect many, if not all, of the Debtors. Accordingly, absent joint administration of these cases, duplicative pleadings would have to be filed in numerous cases for each issue, and separate hearings would have to be held in each case. Such duplication would be wasteful and would unnecessarily overburden the Clerk of the Court and the estates.

13. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases, will allow the Debtors to combine notices to creditors and other parties in interest and will allow parties to request and the Court to hold joint hearings on matters pending in any of the cases. Joint administration also will protect parties in interest by ensuring that parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

14. Accordingly, the Debtors request that all of the above-captioned cases be jointly administered and that the official caption to be used by all parties on all pleadings in the jointly-administered cases be as follows:

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC, *et al.*,[1] | § | Case No. 15-00236 |
| | § | |
| Debtors. | § | Jointly Administered |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

---

15. Section 342(c)(1) of the Bankruptcy Code provides that "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." In addition, Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, requires that notices under Bankruptcy Rule 2002 contain certain information, including any applicable employer identification number and any names used by the Debtors in the previous eight years.

16. The Debtors submit that use of this above, simplified caption, naming only CIE will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. The names of each Debtor and their tax identification number will be set forth in the footnote to the caption. Therefore, the Debtors submit that the policies behind the requirements of Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005, 1015, and 2002(n) have been satisfied.

6

17. Additionally, the Debtors maintain that the rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.  Indeed, the rights of all creditors will be enhanced by the reduction in administration costs resulting from joint administration.

18. The Debtors also request that a docket entry substantially in the form of that contained in the proposed order submitted herewith be made on each of the Debtors' individual dockets reflecting the joint administration of these cases under the case caption set forth above. Such a docket entry will put creditors and parties in interest on notice that the cases have been consolidated and that the docket for CIE should be consulted with respect to all matters.

19. The Debtors further request that the joint administration of these cases include, but not be limited to: (i) the establishment and maintenance of (a) a single docket sheet, (b) a single consolidated creditors' matrix, and (c) a single master service list; (ii) the scheduling of joint hearings on matters pending in any of the cases; (iii) the appointment of a single creditors' committee; and (iv) the filing of a single disclosure statement and plan of reorganization by any plan proponent.

**NOTICE**

20. Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the District of Alaska; (b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) Apollo Investment Corp.; (e) the United States Attorney's Office for the District of Alaska; (f) the Securities and Exchange Commission; and (g) the Internal Revenue

HOU:3552471.6

Service. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## **CONCLUSION**

The Debtors respectfully request that this Court enter an order (i) directing the procedural consolidation and joint administration of these chapter 11 cases, and (ii) granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2015　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　ANDREWS KURTH LLP

　　　　　　　　　　　　　　　　　By:　　/s/ Timothy A. ("Tad") Davidson II
　　　　　　　　　　　　　　　　　　　　Timothy A. ("Tad") Davidson II
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24012503
　　　　　　　　　　　　　　　　　　　　David A. Zdunkewicz
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 22253400
　　　　　　　　　　　　　　　　　　　　Joseph P. Rovira
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24066008
　　　　　　　　　　　　　　　　　　　　600 Travis, Suite 4200
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　Telephone: (713) 220-4200
　　　　　　　　　　　　　　　　　　　　Facsimile:  (713) 220-4285
　　　　　　　　　　　　　　　　　　　　taddavidson@andrewskurth.com
　　　　　　　　　　　　　　　　　　　　dzdunkewicz@andrewskurth.com
　　　　　　　　　　　　　　　　　　　　josephrovira@andrewskurth.com

　　　　　　　　　　　　　　　　　　　　David H. Bundy
　　　　　　　　　　　　　　　　　　　　Alaska Bar No. 7210043
　　　　　　　　　　　　　　　　　　　　DAVID H. BUNDY, P.C.
　　　　　　　　　　　　　　　　　　　　310 K Street, Suite 200
　　　　　　　　　　　　　　　　　　　　Anchorage, Alaska  99501
　　　　　　　　　　　　　　　　　　　　Telephone:  (907) 248-8431
　　　　　　　　　　　　　　　　　　　　Facsimile:   (907) 248-8434
　　　　　　　　　　　　　　　　　　　　dhb@alaska.net

　　　　　　　　　　　　　　　　　　　　PROPOSED ATTORNEYS FOR
　　　　　　　　　　　　　　　　　　　　DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2015, the foregoing document was served by ECF on the parties registered to receive electronic notices.

        By:    /s/ Timothy A. ("Tad") Davidson II
                  Timothy A. ("Tad") Davidson II

HOU:3552471.6