David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska  99501
Telephone:  (907) 248-8431
Facsimile:   (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:  (713) 220-4285

Proposed Attorneys for the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

**DEBTORS' EMERGENCY MOTION TO EXTEND THE TIME TO FILE SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS, AND LISTS OF EQUITY HOLDERS**

>   **A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**
>
>   **EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED. IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTORS AND ON ANY OTHER PARTY SPECIFIED IN THE NOTICE.**
>
>   **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Miller Energy Resources, Inc., *et al.*, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby file this emergency motion for an order extending the time to file schedules, statements of financial affairs, and lists of equity holders (the "Motion") pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors rely on the Declaration of Carl F. Giesler, Jr., Chief

2

HOU:3568256.5

Executive Officer of Miller Energy Resources, Inc., *et al*, in Support of Chapter 11 Petitions and First Day Motions, sworn to on October 1, 2015 (the "First Day Declaration").[2] The First Day Declaration and other relevant case information is available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Prime Clerk LLC, in connection with these chapter 11 cases: https://cases.primeclerk.com/millerenergy.com. In further support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Section 105(a) and 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

4. On October 1, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[3]

5. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

[3] As further discussed in the First Day Declaration, an Involuntary Petition was filed August 6, 2015 against Cook Inlet Energy, LLC. Simultaneously with the filing of voluntary petitions for the other Debtors, Cook Inlet Energy, LLC has filed a Consent to Entry of the Order for Relief. The First Day Declaration contains additional information relating to the Involuntary Petition

3

HOU:3568256.5

appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

6. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of Cook Inlet Energy, LLC. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this Motion. The Debtors hereby adopt and incorporate such description as if fully set forth herein.

## RELIEF REQUESTED

7. The deadline for filing the Schedules and SOFA and the Equity Holders List in these chapter 11 cases is currently October 15, 2015. The Debtors seek an extension of such deadline to October 30, 2015.

8. By this Motion, the Debtors request entry of an order extending the deadline to file the Debtors' schedules, statements of financial affairs, and lists of equity holders for an additional 16 days, thereby granting them a total of 30 days from the Petition Date, to and including October 30, 2015, to accomplish such filing.

## BASIS FOR RELIEF

9. Pursuant to Section 521 of the Bankruptcy Code and Rule 1007(a)(3) and (b) of the Federal Rules of Bankruptcy Procedure, a chapter 11 debtor must file with the petition, or within 14 days of the petition date, schedules of assets and liabilities and a statement of financial affairs (collectively, the "Schedules and SOFA") and a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder and

the last known address or place of business of each holder (the "Equity Holders List"). The Court may extend the 14-day deadline for cause. FED. R. BANKR. P. 1007(a)(5) and (c).

10. Cause exists to grant the requested extension. The Debtors have a substantial number of creditors and parties in interest and conduct their business operations from several locations in the United States. Given the size and complexity of their businesses, and due to the voluminous nature of the information required to be gathered, the Debtors have not had the opportunity to prepare their respective Schedules and SOFA or Equity Holders List.

11. To prepare the Schedules and SOFA and Equity Holders List, the Debtors must obtain information from books, records and documents relating to hundreds of transactions. This information is located in various offices in the United States.

12. Consequently, completion of the Schedules and SOFA and Equity Holders List will require an expenditure of a significant amount of time and effort by the Debtors' management and employees, who have been and will continue to be simultaneously working on other aspects of the Debtors' restructuring efforts and endeavoring to stabilize operations by addressing the myriad of employee, customer and vendor issues raised by the filing. The requested extension will enhance the accuracy of the Debtors' Schedules and SOFA and Equity Holders List and avoid the necessity of substantial subsequent amendments.

13. The Debtors have requested the information necessary to complete the Schedules and SOFA and Equity Holders List from the Debtors' in-house counsel, but have been advised that the information will not be received by the deadline.

14. Under the circumstances, the Debtors will be unable to complete their Schedules and SOFA and Equity Holders List by the deadline established by Bankruptcy Rules 1007(a)(3) and (b). At this juncture, the Debtors estimate that a 16-day extension (for a total of 30 days) of

the filing deadline should provide sufficient time to either prepare and file the Schedules and SOFA and Equity Holders List or to seek alternative relief with respect to the filing of such documents. The Debtors, therefore, request that the Court establish October 30, 2015, as the date by which the Debtors must file their Schedules, SOFA, and the Equity Holders List, without prejudice to the Debtors' right to seek further extensions or other relief necessary regarding the requirement of filing Schedules, SOFA, and Equity Holders List.

15. The Debtors believe that no creditor, or other party in interest, will be prejudiced by the extension of time requested herein. As of the filing of this Motion, the § 341 meeting of creditors has not been scheduled.

## NOTICE

16. Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the District of Alaska; (b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) Apollo Investment Corp.; (e) the United States Attorney's Office for the District of Alaska; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## CONCLUSION

The Debtors respectfully request that the Court enter an order (i) extending the deadline to file the Debtors' Schedules and SOFA and Equity Holders List for an additional 16 days (for a total extension of 30 days), through and including October 30, 2015, and (ii) granting such other and further relief as this Court deems just and proper.

HOU:3568256.5

Dated: October 1, 2015

Respectfully submitted,

ANDREWS KURTH LLP

By: /s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II
Texas Bar No. 24012503
David A. Zdunkewicz
Texas Bar No. 22253400
Joseph P. Rovira
Texas Bar No. 24066008
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
taddavidson@andrewskurth.com
dzdunkewicz@andrewskurth.com
josephrovira@andrewskurth.com

David H. Bundy
Alaska Bar No. 7210043
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434
dhb@alaska.net

PROPOSED ATTORNEYS FOR DEBTORS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 1, 2015, the foregoing document was served by ECF on the parties registered to receive electronic notices.

By: /s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II

7

HOU:3568256.5