David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

Proposed Attorneys for the Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

**DEBTORS' EMERGENCY MOTION SEEKING AUTHORITY TO
(A) FILE A CONSOLIDATED CREDITORS MATRIX; AND
(B) IMPLEMENT CERTAIN NOTICE PROCEDURES**

**A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

**EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED. IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTORS AND ON ANY OTHER PARTY SPECIFIED IN THE NOTICE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Miller Energy Resources, Inc., *et al.*, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby file this Emergency Motion for Authority to (A) File a Consolidated Creditors Matrix; and (B) Implement Certain Notice Procedures. In support of this Motion, the Debtors rely on the Declaration of Carl F. Giesler, Jr., Chief Executive Officer of Miller Energy Resources, Inc., *et al*, in Support of Chapter 11 Petitions and First Day Motions,

2

HOU:3556547.6

sworn to on October 1, 2015 (the "First Day Declaration").[2] The First Day Declaration and other relevant case information is available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Prime Clerk LLC, in connection with these chapter 11 cases: https://cases.primeclerk.com/millerenergy.com. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On October 1, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[3]

5. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

[3] As further discussed in the First Day Declaration, an Involuntary Petition was filed August 6, 2015 against Cook Inlet Energy, LLC. Simultaneously with the filing of voluntary petitions for the other Debtors, Cook Inlet Energy, LLC has filed a Consent to Entry of the Order for Relief. The First Day Declaration contains additional information relating to the Involuntary Petition.

3

appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

6. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of Cook Inlet Energy, LLC. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this Motion. The Debtors hereby adopt and incorporate such description as if fully set forth herein.

7. Additionally, the Debtors have filed contemporaneously with this Motion a separate Emergency Motion for Order Establishing Case Procedures requesting complex case treatment to establish regularly scheduled hearing days and procedures for noticing and requesting hearings for expedited, emergency, or other relief. The purpose of this Motion is to establish a single, consolidated matrix of the Debtors' creditors and establish procedures for service on the Master Service List (as defined and used in the Motion for Order Establishing Case Procedures filed simultaneously with this Motion) and interested parties and affected parties.

## RELIEF REQUESTED

8. The Debtors have identified thousands of persons and/or entities to whom notice may be required to be given under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the Local Rules. Such notice would be extremely burdensome to the Debtors, costly to their estates and, in many instances, unnecessary, as many matters have no bearing on certain parties. Accordingly, the Debtors request the Court to approve a consolidated

creditors matrix and the proposed Notice Procedures that will afford due and adequate notice to all parties-in-interest without burdening the Debtors' estates with substantial administrative costs.

### A. Consolidated Creditors Matrix

9. Pursuant to Bankruptcy Rule 1007, a debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). Additionally, Federal Rule of Bankruptcy Procedure 1007(d) requires debtors to file a list of the debtors' 20 largest unsecured creditors. Fed. R. Bankr. P. 1007(d).

10. Because many creditors are shared among the Debtors, the Debtors request authority to file a single, consolidated matrix of their creditors. Requiring each of the Debtors to file a separate creditor matrix in each of their respective cases would be unduly burdensome and duplicative. Therefore, it is in the best interest of the Debtors' estates to avoid the cost associated with preparing separate matrices. Accordingly, the Debtors submit that authority to file a single, consolidated creditor matrix in these cases is in the best interests of the estate and will facilitate the efficient and orderly administration of these cases.

11. The Debtors submit that the relief requested herein is appropriate under the facts and circumstances of this case, involving eleven (11) separate entities with thousands of parties.

12. The Bankruptcy Code and Federal Rules of Bankruptcy Procedure provide a flexible approach for compiling lists of creditors for Complex Chapter 11 cases such as this one. *See* Fed. R. Bankr. P. 1007(c). Bankruptcy Rule 2002(m) also affords the Court substantial authority over the manner in which notice is provided. *See* Fed. R. Bankr. P. 2002(m) ("The court may from time to time enter orders designating the matters in respect to which, the entity to

HOU:3556547.6

whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."). Further, to the extent necessary, the Court's equitable powers under Bankruptcy Code § 105(a) provide a basis for granting the relief requested herein, for the reasons set forth above.

13.    Similar relief to that requested herein has been granted in other jurisdictions in comparable chapter 11 cases. *See In re GMX Resources Inc.*, *et al.*, Case No. 13-11456 (SAH) (W.D. Okla. Apr. 3, 2013) [Docket No. 72]; *In re Samson Resources Corp.*, *et al.*, Case No. 15-11934-CSS (Bankr. D. Del. Sept. 18, 2015) [Docket No. 71]; *In re Sabine Oil & Gas Corp., et al.*, Case No. 15-11835-SCC (Bankr. S.D.N.Y. July 16, 2015) [Docket No. 49]; *In re Endeavour Operating Corp., et al.*, Case No. 14-12308 (Bankr. D. Del. Oct. 15, 2014) [Docket No. 54]; *In re Buccaneer Resources, LLC*, *et al.*, Case No. 14-60041 (DRJ) (Bankr. S.D. Tex. June 2, 2014) [Docket No. 16]; *In re Seahawk Drilling, Inc.*, Case No. 11-20089 (RSS) (Bankr. S.D. Tex. Feb. 14, 2011) [Docket No. 51].

**B.    Notice Procedures**

14.    Pursuant to Section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 1015(c) and 9007, Debtors' seek an order implementing notice procedures, substantially in the form of the proposed order attached to this Motion (the "Notice Procedures"). The Debtors request that, to the extent that any of the Notice Procedures conflict with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Alaska Bankruptcy Local Rules, and the order regarding procedures for complex chapter 11 cases entered in these chapter 11 cases, the Notice Procedures shall govern and supersede such provisions and rules.

6

15. The Debtors submit that the following Notice Procedures should be implemented for the administration of the Debtors' cases.

### i. Service of Pleadings

16. The Debtors propose to serve each party listed on the Master Service List with a copy of every motion, application, notice, brief, objection, response, memorandum, affidavit, declaration, or other writing filed in these bankruptcy cases (including notices and orders entered by the Court, but not including proofs of claim or proofs of interest) (collectively, the "Filings" and each a "Filing"). The Debtors propose to serve the parties on the Master Service List by either of: standard mail, e-mail, or facsimile. Upon completion of noticing, the Debtors' proposed claims, balloting, and noticing agent, Prime Clerk LLC ("Prime Clerk"), shall file with the Court either an affidavit or certification of service and an attached list of parties receiving notice within three (3) business days of service.

17. The Debtors further request authority to serve a short one-page notice ("Alternative Notice") of any lengthy Filings setting forth the title of the Filing, the hearing date to consider the Filing, the objection deadline for the Filing, and a link and instruction for accessing such Filing on the Case Information Website (defined below) maintained by Prime Clerk. The Alternative Notice will only be served on parties on the Master Service List not affected by the relief sought in the Filing related to the Alternative Notice. For the avoidance of doubt, the complete Filing will be served on all parties affected by the relief requested.

18. Parties filing pleadings and other documents with the Clerk of the Court shall serve the parties on the Master Service List by U.S. mail or hand delivery. Parties may, alternatively, serve all pleadings or other documents by e-mail or facsimile upon parties listed on

7

the Master Service List if the Master Service List includes the party's e-mail or facsimile information.

### ii. Notice to Other Parties-In-Interest

19. The proceedings with respect to which notice would be limited to the Master Service List shall include all matters covered by Federal Rule of Bankruptcy Procedure 2002, with the exception of the following: (i) the Order approving the Notice Procedures; (ii) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (iii) notice of the time fixed for filing proofs of claim pursuant to Federal Rule of Bankruptcy Procedure 3003(c); (iv) notice of the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; (v) notice of the time fixed for filing objections to and the hearings to consider any motion seeking approval of a sale of all or substantially all of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code or any bid procedures or related relief with respect to such a sale transaction; and (vi) notice and transmittal of ballots for accepting or rejection a plan of reorganization. Notice of the foregoing matters would be given to all parties-in-interest listed on the Debtors' Consolidated Creditors Matrix by either first-class U.S. mail, e-mail, or facsimile.

20. All Filings will be made available to all parties-in-interest on a public website maintained by Prime Clerk. Contemporaneously with this Motion, the Debtors have filed a Motion to employ Prime Clerk as the Debtors' claims, balloting, and notice agent. The Debtors propose that Prime Clerk design, maintain, and operate a website, https://cases.primeclerk.com/millerenergy.com, in connection with these chapter 11 cases (the "Case Information Website"). The Debtors intend to post certain information regarding these

8

cases on the Case Information Website, including Filings for these chapter 11 cases. The Case Information Website will be accessible to the general public.

### iii.  Notice to Affected Parties

21. Additionally, with respect to parties not listed on the Master Service List but whose rights may be directly affected by a particular Filing (an "Affected Party"), the Debtors propose to serve that Filing on the Affected Party. The Debtors propose to serve any Affected Party by any of the following methods, to the extent the relevant contact information is available for the Affected Party: standard first-class mail, e-mail, or facsimile.

22. The Debtors respectfully submit that implementing these Notice Procedures is appropriate under section 105(a) of the Bankruptcy Code: "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Further, Bankruptcy Rules 1015 and 9007 grant the Court general authority to regulate notices in a manner that avoids unnecessary costs and delay. *See* Fed. R. Bankr. P. 1015; Fed. R. Bankr. P. 9007.

23. Approval of the Notice Procedures is in the best interests of the Debtors' estates. The Notice Procedures will not impair the right of a party whose interest is directly affected by a particular matter to receive all Filings related to that matter. The Notice Procedures will promote the Debtors' reorganization efforts by preserving assets that otherwise would be consumed by unnecessary copying, postage, and related expenses.

24. Other bankruptcy courts have routinely granted substantially similar relief. *See, e.g.*, *In re GMX Resources Inc.*, *et al.*, Case No. 13-11456 (SAH) (W.D. Okla. Apr. 3, 2013) [Docket No. 72]; *In re Sabine Oil & Gas Corp., et al.*, Case No. 15-11835-SCC (Bankr. S.D.N.Y. July 16, 2015) [Docket No. 51]; *In re Buccaneer Resources, LLC*, *et al.*, Case No. 14-

60041 (DRJ) (Bankr. S.D. Tex. June 2, 2014) [Docket No. 15]; *In re TXCO Res., Inc.*, Case No. 09-51807 (Bankr. W.D. Tex. May 20, 2009) [Docket No. 54]; *In re Pilgrim's Pride Corp.*, Case No. 08-45664 (Bankr. N.D. Tex. Dec. 3, 2008) [Docket No. 71].

## NOTICE

25. Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the District of Alaska; (b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) Apollo Investment Corp.; (e) the United States Attorney's Office for the District of Alaska; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## CONCLUSION

The Debtors respectfully request that the Court enter an order (a) authorizing a consolidated creditors matrix; (b) approving the Notice Procedures; and (c) granting such other and further relief as this Court deems is just and proper.

HOU:3556547.6

Dated: October 1, 2015	Respectfully submitted,

        ANDREWS KURTH LLP

By:   /s/ Timothy A. ("Tad") Davidson II
       Timothy A. ("Tad") Davidson II
       Texas Bar No. 24012503
       David A. Zdunkewicz
       Texas Bar No. 22253400
       Joseph P. Rovira
       Texas Bar No. 24066008
       600 Travis, Suite 4200
       Houston, Texas 77002
       Telephone: (713) 220-4200
       Facsimile:  (713) 220-4285
       taddavidson@andrewskurth.com
       dzdunkewicz@andrewskurth.com
       josephrovira@andrewskurth.com

       David H. Bundy
       Alaska Bar No. 7210043
       DAVID H. BUNDY, P.C.
       310 K Street, Suite 200
       Anchorage, Alaska  99501
       Telephone:  (907) 248-8431
       Facsimile:   (907) 248-8434
       dhb@alaska.net

       PROPOSED ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2015, the foregoing document was served by ECF on the parties registered to receive electronic notices.

By:   /s/ Timothy A. ("Tad") Davidson II
       Timothy A. ("Tad") Davidson II

11