David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska  99501
Telephone:  (907) 248-8431
Facsimile:   (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:  (713) 220-4285

Proposed Attorneys for the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

**EMERGENCY MOTION FOR ORDER ESTABLISHING CASE PROCEDURES**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

**A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

**EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED. IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTORS AND ON ANY OTHER PARTY SPECIFIED IN THE NOTICE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS**

Miller Energy Resources, Inc., *et al*., debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of an order establishing case procedures. In support of this Motion, the Debtors rely on the Declaration of Carl F. Giesler, Jr., Chief Executive Officer of Miller Energy Resources, Inc., *et al.* in Support of Chapter 11 Petitions and First Day Motions, sworn to on October 1, 2015 (the "First Day Declaration").[2] The First Day Declaration and other relevant case information is

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

HOU:3595546.4

available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Prime Clerk LLC, in connection with these chapter 11 cases: https://cases.primeclerk.com/millerenergy.com. In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On October 1, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[3]

4. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

5. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of Cook Inlet Energy, LLC. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed

---

[3] As further discussed in the First Day Declaration, an Involuntary Petition was filed August 6, 2015 against Cook Inlet Energy, LLC. Simultaneously with the filing of voluntary petitions for the other Debtors, Cook Inlet Energy, LLC has filed a Consent to Entry of the Order for Relief. The First Day Declaration contains additional information relating to the Involuntary Petition.

3

HOU:3595546.4

contemporaneously with this Motion. The Debtors hereby adopt and incorporate such description as if fully set forth herein.

**RELIEF REQUESTED**

6. The Debtors seek authority, pursuant to 11 U.S.C. § 105(a) of the Bankruptcy Code and Rule 9007 of the Federal Rules of Bankruptcy Procedure, to implement certain notice and case management procedures (the "Procedures") in connection with the administration of these chapter 11 cases. The proposed Procedures establish mandatory standards for (i) notice of motions and applications and (ii) the scheduling of hearings and objection deadlines as set forth below.

    **A.    Master Service List and Limitation on Service**

7. The Debtors filed a motion to limit notice (the "Notice Motion"). In the Notice Motion, the Debtors request that this Court direct it to maintain a service list ("Master Service List") identifying the parties that must be served with motions and applications. Upon establishment of such a Master Service List, notices of motions and other matters will be limited to the parties on the Master Service List unless notice of particular matters is required as provided by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure or local rules and orders of this Court. The procedures relating to the Master Service List are detailed in full in the Notice Motion.

    **B.    Hearing Days**

8. The Debtors request that this Court establish a specific day each week as the scheduled hearing date ("Hearing Day") and time for hearing all motions and other matters in these cases. By way of example, the Court could set such date as every Wednesday at 10:00 a.m. The Debtors submit that having a fixed Hearing Day will allow for efficiency and predictability in the administration of these cases.

4

> **C. Setting Hearings and Giving Notice for Matters That Do Not Require Emergency or Expedited Treatment**

9. The Debtors request that all motions and other matters requiring hearing (including motions for relief from the automatic stay, but <u>NOT</u> including claim objections and adversary proceedings which will be separately set by the Court) be noticed for hearing on the next Hearing Day that is at least twenty-one (21) days after the notice is served. As a preface to each pleading, just below the case caption, the pleading shall state in capital letters:

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____, _____, 201\_, AT \_\_\_\_\_ \_\_.M., AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF THIS NOTICE. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT HEARING.**

10. With respect to a motion requesting emergency or expedited relief, the Debtors request that the Court enter an order directing that:

> a. Emergency or expedited motions must state with specificity the reason why an emergency exists or why there is a need for expedited treatment. No separate motion for an emergency hearing will be required.
>
> b. The movant will be required to serve notice of the motion and of the hearing as set forth above, (including the language above giving notice of the hearing date and the necessity to file a response). However, the movant may choose a Hearing Day that is less than twenty one (21) days after notice is given. Movant should choose a date that allows as much time as possible for consideration and response by parties receiving the notice.

5

HOU:3595546.4

        The motion may be set for the next Hearing Day only if absolutely necessary.

    c.    When the motion is called for hearing on the designated Hearing Day, the Court will first consider whether expedited treatment is required, whether adequate notice has been given, and whether there has been adequate opportunity for parties to be heard. The Court may decide to hear the matter at that time or the Court may issue other scheduling orders as the Court determines to be appropriate after consideration of the nature of the emergency, the adequacy of the notice, the impact of delay, the nature of the relief sought, and such other matters as the Court may consider to be cogent.

    d.    **Extraordinary Circumstances**: In very rare circumstances, a party may need relief that cannot be delayed until the next Hearing Day. In such circumstances, the movant may, by separate motion, request a hearing to be held prior to the next Hearing Day. If the Court grants such emergency treatment, the Court will direct the requisite notice and will set a hearing date and time. When the matter is called for hearing, the Court will first consider the propriety of emergency treatment as described in sub-paragraph (c) above.

    e.    Parties are encouraged to authorize opposing parties to serve them by fax or e-mail to facilitate notice of emergency and expedited hearings. If provided, it must be used. Parties are also encouraged to conference with each other prior to seeking emergency or expedited relief.

**E.    Proposed Hearing Agenda**

11.    Before noon on the day that is at least two (2) business days prior to each Hearing Day, Debtors' counsel will file a proposed hearing agenda ("Proposed Hearing Agenda") with the Court Clerk. Debtors' counsel will also serve the Proposed Hearing Agenda to counsel for the party against whom relief is requested, counsel for any committee in these cases, all secured creditors, the United States Trustee, counsel for the administrative agent under the DIP Financing, and counsel for the DIP Financing lenders and those parties that have served a request for notices, by fax, e-mail or overnight mail. The following guidelines will apply to the Proposed Hearing Agenda:

    a.    The Proposed Hearing Agenda, whether or not served on parties, is merely a proposal for the convenience of the Court and counsel. It is <u>NOT</u>

6

HOU:3595546.4

determinative of the matters to be heard on that day and is not determinative of whether there will be a settlement or continuance.

    b.    The Proposed Hearing Agenda shall include:

        i.    The docket number and title of each matter to be scheduled for hearing on the next Hearing Day, including all related pleadings;

        ii.    Whether the matter is contested or uncontested;

        iii.    An estimate of the time required to hear each matter;

        iv.    Other comments that will assist the Court in organizing its docket for the day: (for example, if a request for continuance or withdrawal of the matter is expected); and

        v.    A suggested order in which the matters should be addressed.

    c.    Before noon on the day that is at least three (3) business days prior to each Hearing Day, other parties in interest may request in writing that Debtors' counsel add matters to the Proposed Hearing Agenda. If such a request is made, the Proposed Hearing Agenda should include the matter requested or, if Debtors' counsel disagrees that the matter should be included, disclose the request and the basis for the Debtors' disagreement.

    d.    On the Hearing Day, the Court may, or may not, accept the Hearing Agenda proposed by the Debtors.

**F.    Participation in Some Hearings By Telephone**

12.    Emergency and expedited hearings (and other hearings in limited circumstances) in this case may be conducted by telephone conference. Additionally, parties may request to appear by telephone at any scheduled hearing. Parties must request permission to participate by telephone by contacting the in-court recording deputy clerk at least three (3) business days prior to the Hearing Day. Parties may not present or examine witnesses or evidence over the phone.

## APPLICABLE AUTHORITY

13.    Bankruptcy Rule 9007 grants the Court general authority to regulate notices. 11 U.S.C. § 105(a) further provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

7

Implementation of the Procedures set forth above in this case is within the Court's equitable powers under section 105 of the Bankruptcy Code.  Approval of the Procedures is in the best interests of the Debtors and their estate and creditors.  By authorizing the Debtors to schedule Hearing Days and instituting the Procedures outline herein, the Court will establish clear timelines for the filing of requests for relief, and will reduce the cost of administering these chapter 11 cases.

14. Similar procedures, including service by e-mail, have been approved in other chapter 11 cases as well.  *See, e.g.*, *In re GMX Resources Inc., et al.*, Case No. 13-11456 (SAH) (W.D. Okla. Apr. 3, 2013) [Docket No. 76]; *In re TXCO Resources, Inc.*, Case No. 09-51807 (RBK) (Bankr. W.D. Tex. May 20, 2009) [Docket No. 54]; *In re Steve & Barry's Manhattan LLC, et al.*, Case No. 08-12579 (Bankr. S.D.N.Y. July 10, 2008) [Docket No. 54].  Other districts also have local rules that provide for similar procedures in "complex" chapter 11 cases.  *See, e.g., Local Bankruptcy Rules for the Southern and Northern Districts of Texas*.

## NOTICE

15. Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the District of Alaska; (b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) Apollo Investment Corp.; (e) the United States Attorney's Office for the District of Alaska; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

**CONCLUSION**

The Debtors respectfully request this Court to enter an order authorizing the Procedures and directing the Debtors to institute the Procedures in connection with the administration of these chapter 11 cases and granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2015

Respectfully submitted,

ANDREWS KURTH LLP

By:   /s/ Timothy A. ("Tad") Davidson II
      Timothy A. ("Tad") Davidson II
      Texas Bar No. 24012503
      David A. Zdunkewicz
      Texas Bar No. 22253400
      Joseph P. Rovira
      Texas Bar No. 24066008
      600 Travis, Suite 4200
      Houston, Texas 77002
      Telephone: (713) 220-4200
      Facsimile:  (713) 220-4285
      taddavidson@andrewskurth.com
      dzdunkewicz@andrewskurth.com
      josephrovira@andrewskurth.com

      David H. Bundy
      Alaska Bar No. 7210043
      DAVID H. BUNDY, P.C.
      310 K Street, Suite 200
      Anchorage, Alaska  99501
      Telephone:  (907) 248-8431
      Facsimile:   (907) 248-8434
      Email:  dhb@alaska.net

      PROPOSED ATTORNEYS FOR
      DEBTORS

9

HOU:3595546.4

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2015, the foregoing document was served by ECF on the parties registered to receive electronic notices.

> By: /s/ Timothy A. ("Tad") Davidson II
> Timothy A. ("Tad") Davidson II

HOU:3595546.4