David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

Proposed Attorneys for the Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennesee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennesee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennesee Consultants, Inc., a Tennessee corporation (3108); East Tennesee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

**DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO PAY UNDISPUTED PREPETITION ROYALTIES AND CONTINUE SUCH PAYMENTS IN THE ORDINARY COURSE**

A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING.

EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED. IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTORS AND ON ANY OTHER PARTY SPECIFIED IN THE NOTICE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

Miller Energy Resources, Inc., *et al.*, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for an order authorizing the Debtors to pay undisputed prepetition royalties and continue such payments postpetition. In support of this Motion, the Debtors rely on the Declaration of Carl F. Giesler, Jr., Chief Executive Officer of Miller Energy Resources, Inc., *et al.*, in Support of Chapter 11

HOU:3552482.5

Petitions and First Day Motions, sworn to on October 1, 2015 (the "First Day Declaration").[2] The First Day Declaration and other relevant case information is available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Prime Clerk LLC, in connection with these chapter 11 cases: https://cases.primeclerk.com/millerenergy.com. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.  On October 1, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[3]

4.  The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

5.  Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of Cook Inlet Energy, LLC. A description of the Debtors' business, the reasons for filing these

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

[3] As further discussed in the First Day Declaration, an Involuntary Petition was filed August 6, 2015 against Cook Inlet Energy, LLC. Simultaneously with the filing of voluntary petitions for the other Debtors, Cook Inlet Energy, LLC has filed a Consent to Entry of the Order for Relief. The First Day Declaration contains additional information relating to the Involuntary Petition.

3

chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this Motion. The Debtors hereby adopt and incorporate such First Day Declaration as if fully set forth herein.

## RELIEF REQUESTED

6. The Debtors receive sale proceeds for the oil and gas they produce and sell, and are then obligated under their oil and gas leases to pay royalties out of the sale proceeds to the Royalty Interest Holders (as defined below). The Debtors seek authority to pay all undisputed, liquidated, prepetition royalties as such royalties are paid in the ordinary course of the Debtors' business and to continue such payments during the pendency of these cases.

7. Royalties from the sale of oil, natural gas, and natural gas liquids are paid to Royalty Interest Holders the second month after the month in which the oil and gas is produced and sold. For example, royalties for oil, natural gas and liquid sales occurring in August 2015 will be distributed to Royalty Interest Holders during the month of October 2015. The Debtors estimate that they owe $1,083,451.59 in royalties for oil and gas produced and sold in August 2015 and $1,086,000.00 in royalties for oil and gas produced and sold in September 2015 which royalty amounts will be paid in October 2015 and November 2015, respectively.

## BASIS FOR RELIEF

8. The Debtors' operations are primarily focused on the exploration, development, and production of oil and gas in Alaska, specifically in the Cook Inlet and North Slope. The Debtors also produce oil and gas from leases in Tennessee. The oil and gas leases owned by the Debtors are some of the most valuable assets the Debtors own.

9. Substantially all of the Debtors' leasehold interests are subject to or burdened by royalty interests. In the oil and gas industry this refers to ownership of a portion of the

4

underlying oil and gas reserve that is retained when the owner of the land grants to another (e.g., by lease) the right to develop the land. Royalty interest owners are entitled to receive royalty payments each month under the applicable leases with the Debtors (whether standard or overriding, the "Royalty Interest Holders"). The majority of the Debtors' royalty payments are paid to the State of Alaska because the State of Alaska is the lessor under the majority of Debtors' leases.

10.     The Debtors' position is the portion of the sale proceeds they receive from the sale of oil and gas and are obligated to pay to the Royalty Interest Holders is not property of the Debtors' estates. Courts recognize royalty interest owners' equitable interest in the oil and gas sales proceeds held by a debtor. *MCZ, Inc. v. Andrus Resources, Inc. (In re MCZ, Inc.)*, 82 B.R. 40, 42 (Bankr. S.D. Tex. 1987) (ordering the debtor-operator to turnover amounts due to the interest owners because the debtor-operator had no interest in such amounts beyond a "bare possessory interest as a bailee or agent"). Thus, because the portion of the sale proceeds received by the Debtors on behalf of the Royalty Interest Owners are not the Debtors' property, they should be turned over as they arise in the ordinary course of business.

11.     Additionally, nonpayment of royalties could jeopardize the oil and gas leases, putting the Debtors' assets at substantial risk. Under Alaska law, the failure to pay production royalties may constitute abandonment of all rights acquired under the leasehold location or prospecting site involved. *See* ALASKA STAT. § 38.05.265. Likewise, under Tennessee law, failure to pay royalties could lead to termination of the underlying lease. *See Lone Star Oil & Gas, Inc. v. Howard*, No. E2009-00428-COA-R3-CV, 2010 WL 520934, at *4 (Tenn. Ct. App. Feb. 12, 2010) ("Therefore, Lessee's failure to produce oil or gas from the well or tender rental or royalty payments to Lessor for four months led to the termination of the Lease by its own

5

terms."); *see, e.g.*, *Vinson Minerals, Ltd. v. XTO Energy, Inc.*, 335 S.W.3d 344, 353-54 (Tex. App.—Fort Worth 2010, pet. denied) (generally discussing remedies for failure to pay royalties and noting that leases may contain provisions requiring termination of the lease for failure to pay royalties).

12. If the Debtors do not pay and continue to pay amounts owed to Royalty Interest Holders, the failure may create statutory liens, which would burden the Debtors' assets and could diminish the value of those assets. Royalty Interest Holders who are owed amounts attributable to production from oil and gas leases may have rights to liens that attach to proceeds of production under certain circumstances. In the case of *In re Tri-Union Corporation*, the bankruptcy court allowed the payment of prepetition royalties because, as holders of liens under Texas statutory law, the interest holders were going to be paid anyway, and failure to do so would jeopardize the success of the reorganization process. 253 B.R. 808, 812 (Bankr. S.D. Tex. 2000).

13. If the Debtors do not make the royalty payments, they risk litigation and other potentially precipitous action by the Royalty Interest Holders. In Alaska, for example, interest charges are assessed on the unpaid or underpaid portion of late royalty payment. *See* ALASKA STAT. § 38.05.135(d); *see also* ALASKA ADMIN. CODE tit. 11, § 04.070(a).

14. To implement the requested relief, the Debtors request that all of their banks and other financial institutions (collectively, the "Banks") be authorized and directed to receive, process, honor, and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, the claims that the Debtors seek authority in this Motion to pay, regardless of whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date. The Debtors further request that the banks be

authorized to rely on the representations of the Debtors as to which checks are subject to this Motion and that the banks only be required to honor the checks if sufficient funds are on deposit in the applicable accounts to cover such payments.

15. The Debtors additionally request that the Court authorize the Debtors to issue new post-petition checks to replace any checks that may be dishonored and to reimburse any expenses that Royalty Interest Holders may incur as a result of any bank's failure to honor a pre-petition check.

16. Other bankruptcy courts have granted similar relief and allowed the payment of prepetition royalties in similar cases. *See, e.g., In re American Eagle Energy, Corp., et al.*, Case No. 15-15073-HRT (Bankr. D. Colo. July 22, 2015) [Docket No. 245]; *In re GMX Resources Inc., et al.*, Case No. 13-11456 (SAH) (W.D. Okla. Apr. 3, 2013) [Docket No. 71]; *In re Samson Resources Corp.*, Case No. 15-11934-CSS (Bankr. D. Del. Sept. 22, 2015) [Docket No. 89]; *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (Bankr. S.D.N.Y. Aug. 17, 2015) [Docket No. 178]; *In re Dune Energy, Inc.*, Case No. 15-10-336-HCM (Bankr. W.D. Tex. Mar. 10, 2015) [Docket No. 36]; *In re ATP Oil & Gas Corp.*, Case No. 12-36187 (Bankr. S.D. Tex. Aug. 23, 2012) [Docket No. 191].

## RESERVATION OF RIGHTS

17. The Debtors expressly reserve, and do not waive, any and all rights with respect to the royalty interests, including, but not limited to the right to dispute the amount and validity of any royalty claims. In addition, nothing in this Motion or the relief requested herein should be interpreted as the assumption or rejection of any executory contract or unexpired lease.

## NOTICE

18. Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the District of Alaska;

(b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) Apollo Investment Corp.; (e) the United States Attorney's Office for the District of Alaska; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## CONCLUSION

The Debtors respectfully request that this Court enter an order (i) granting the relief requested in this Motion; (ii) authorizing the Debtors to pay in the ordinary course of business all undisputed, liquidated, prepetition amounts owing to royalty owners and continue such payments in the ordinary course during the pendency of these chapter 11 cases; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2015    Respectfully submitted,

ANDREWS KURTH LLP

By:    /s/ Timothy A. ("Tad") Davidson II
      Timothy A. ("Tad") Davidson II
      Texas Bar No. 24012503
      David A. Zdunkewicz
      Texas Bar No. 22253400
      Joseph P. Rovira
      Texas Bar No. 24066008
      600 Travis, Suite 4200
      Houston, Texas 77002
      Telephone: (713) 220-4200
      Facsimile:  (713) 220-4285
      taddavidson@andrewskurth.com
      dzdunkewicz@andrewskurth.com
      josephrovira@andrewskurth.com

      David H. Bundy
      Alaska Bar No. 7210043
      DAVID H. BUNDY, P.C.
      310 K Street, Suite 200
      Anchorage, Alaska  99501
      Telephone:  (907) 248-8431
      Facsimile:   (907) 248-8434
      dhb@alaska.net

      PROPOSED ATTORNEYS FOR
      DEBTORS

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on October 1, 2015, the foregoing document was served by ECF on the parties registered to receive electronic notices.

By:    /s/ Timothy A. ("Tad") Davidson II
      Timothy A. ("Tad") Davidson II

9

HOU:3552482.5