David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

### DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS PROVIDING ADEQUATE ASSURANCE OF UTILITY PAYMENTS

**A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

**EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED. IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTORS AND ON ANY OTHER PARTY SPECIFIED IN THE NOTICE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Miller Energy Resources, Inc., *et al.*, debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), hereby file this emergency motion (the "Motion") for entry of interim and final orders providing adequate assurance of utility payments. In support of this Motion, the Debtors rely on the Declaration of Carl F. Giesler, Jr., Chief Executive Officer of Miller Energy Resources Inc., *et al.*, in Support of Chapter 11 Petitions and First Day

Motions, sworn to on October 1, 2015 (the "First Day Declaration").[2] The First Day Declaration and other relevant case information is available on the following web site maintained by the Debtors' claims, balloting, and notice agent, Prime Clerk LLC, in connection with these chapter 11 cases: https://cases.primeclerk.com/millerenergy.com. In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is 11 U.S.C. § 366.

## BACKGROUND

4. On October 1, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[3]

5. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

6. Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

[3] As further discussed in the First Day Declaration, an Involuntary Petition was filed August 6, 2015 against Cook Inlet Energy, LLC. Simultaneously with the filing of voluntary petitions for the other Debtors, Cook Inlet Energy, LLC has filed a Consent to Entry of the Order for Relief. The First Day Declaration contains additional information relating to the Involuntary Petition.

3

HOU:3552480.4

Cook Inlet Energy, LLC. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this Motion. The Debtors hereby adopt and incorporate such description as if fully set forth herein.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an interim order (the "Interim Order"): (i) prohibiting utility companies (collectively the "Utilities" or individually a "Utility") from altering, refusing, or discontinuing services to the Debtors on account of prepetition invoices, pending entry of a final order granting the relief requested herein or the Interim Order becoming a final order (the "Final Order"); (ii) authorizing and approving the amount and method by which the Debtors may furnish certain utilities with adequate assurance of payment for postpetition utility services and directing the utilities to continue providing such services pending entry of the Final Order; and (iii) scheduling a final hearing on this Motion within 30 days of the Petition Date (the "Final Hearing"). Nothing herein shall be deemed an assumption of any executory contract that could bind the Debtors in the future.

    A.    **Utility Services**

8. Several Utilities provide the Debtors with traditional utility services, such as telephone and communications services, electricity, water, sewer, gas, and other similar services that are necessary for the continued operation of the Debtors' day-to-day business operations. A list of all identified Utilities is attached hereto as **Exhibit "A"** (the "Utility Service List").[4] In

---

[4] Inclusion of any entity on, or the exclusion of any entity from, the Utility Service List is not an admission by the Debtors that such entity is or is not a "utility" within the meaning of Section 366, and the Debtors reserve their right to contend that any entity listed on Exhibit A is not a utility. The Debtors request that this Motion apply to all Utilities regardless of whether they are currently identified on the Utility Service List, and the Debtors have proposed a procedure herein for supplementing the Utility Service List.

4

HOU:3552480.4

some cases, the Debtors have paid a security deposit to a Utility. The Debtors have made a good-faith effort to identify all Utilities and list them on the Utility Service List.

9. Uninterrupted utility service is critical to the ability of the Debtors to operate and maintain the value of their businesses and to maximize value for the benefit of the creditors. The Debtors could not operate their businesses without utility service. Should any Utility refuse or discontinue service, the Debtors could be forced to cease or limit operations. Such a cessation would substantially disrupt operations and result in loss of revenues, which could irreparably harm the Debtors.

### B. The Adequate Assurance Deposit

10. Section 366 of the Bankruptcy Code provides that a utility may alter, refuse, or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor adequate "assurance of payment" within 30 days from the Petition Date. 11 U.S.C. § 366(b). Section 366(c)(1)(A) defines the phrase "adequate assurance of payment" to mean, among other things, a cash deposit. 11 U.S.C. § 366(c)(1)(A). Accordingly, the Debtors propose to provide a deposit to each requesting Utility in an amount equal to the average two weeks' cost of such utility service as calculated by the Debtors according to the most recent historical 52-week period (each, an "Adequate Assurance Deposit"); *provided*, *however*, that (a) each requesting Utility make a request for such deposit in writing no later than thirty (30) days after the Petition Date (the "Request Deadline"); (b) such requesting Utility does not already hold a deposit from the Debtors equal to or greater than the Adequate Assurance Deposit (which existing deposit shall be deemed to be the Adequate Assurance Deposit for purposes of this Motion); (c) the amount of any Adequate Assurance Deposit calculated in accordance with this paragraph shall be reduced by the amount of any existing deposit from the Debtors held by such requesting

5

Utility; and (d) such requesting Utility is not currently paid in advance by the Debtors for its services.

11. As a condition of requesting and accepting an Adequate Assurance Deposit, and absent compliance with the Adequate Assurance Procedures (defined below), the requesting Utility shall be deemed to have (a) stipulated that the Adequate Assurance Deposit constitutes adequate assurance of Payment of such Utility within the meaning of Section 366 of the Bankruptcy Code, and (b) waived any right to seek additional or different adequate assurance during the course of these cases.[5] Likewise, any Utility that does not request an Adequate Assurance Deposit by the Request Deadline and does not file a Procedures Objection to opt out of the Adequate Assurance Procedures (as described below) shall be deemed to have adequate assurance that is satisfactory to it within the meaning of Section 366 of the Bankruptcy Code.

12. The Debtors submit that the availability of the Adequate Assurance Deposit (if timely requested) together with their demonstrated ability to pay future utility service in the ordinary course of business (collectively, the "Proposed Adequate Assurance") constitutes sufficient adequate assurance of future payment to satisfy the requirements imposed by Section 366 of the Bankruptcy Code. That said, if any Utility believes additional assurance is required, it may request such assurance under the procedures outlined below.

C. **The Adequate Assurance Procedures**

13. To address the right of any requesting Utility under Section 366(c)(2) of the Bankruptcy Code to seek adequate assurance in an amount above the proposed Adequate Assurance Deposit or to object to the procedures outlined herein, the Debtors propose the following procedures (the "Adequate Assurance Procedures") be adopted:

---

[5] The Debtors further request that, if not already returned or applied, any Adequate Assurance Deposit requested by and provided to any Utility be returned to the Debtors at the conclusion of these Cases.

(a) Within two (2) business days after entry of the Interim Order, the Debtors will mail a copy of the Interim Order to the Utilities on the Utility Service List.

If a Utility is not satisfied with the Proposed Adequate Assurance and seeks additional assurances of payment in the form of deposits, prepayments, or otherwise (an "Additional Assurance Request"), it must serve a request within 14 days of service of the Interim Order upon the Debtors and their counsel at the following address: Andrews Kurth LLP, Attn: Timothy A. ("Tad") Davidson II, 600 Travis, Suite 4200; e-mail: taddavidson@andrewskurth.com.

(b) If a Utility is not satisfied with procedures outlined herein and wishes to object to such procedures, it must file an objection with the Court (the "Procedures Objection") within 14 days of service of the Interim Order and serve such Procedures Objection upon the Debtors and their counsel at the following address: Andrews Kurth LLP, Attn: Timothy A. ("Tad") Davidson II, 600 Travis, Suite 4200; e-mail: taddavidson@andrewskurth.com.

(c) Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits, prepayments, or other security currently held by the requesting Utility; (iv) explain why the requesting Utility believes the Proposed Adequate Assurance is insufficient adequate assurance of future payment; and (v) identify, and explain the basis of, the Utility's proposed adequate assurance requirement under Section 366(c)(2) of the Bankruptcy Code.

(d) Upon the Debtors' timely receipt of an Additional Assurance Request at the address noted above, the Debtors shall have the greater of either (i) 14 days from the receipt of such Additional Assurance Request or (ii) 30 days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement between the parties.

(e) The Debtors may resolve any Additional Assurance Request by mutual agreement with the requesting Utility and without further order of the Court and may, in connection with any such resolution, provide the requesting

7

HOU:3552480.4

                               Utility with additional adequate assurance of future payment in a form satisfactory to the Utility, including, without limitation, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable.

(f)      If the Debtors determine that an Additional Assurance Request is not reasonable, and are unable to resolve such request during the Resolution Period, the Debtors will request, during or immediately after the Resolution Period, a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility (the "Determination Hearing"), pursuant to Section 366(c)(3)(A) of the Bankruptcy Code.

(g)      Pending the resolution of the Additional Assurance Request or a Procedures Objection outlined herein at a Determination Hearing, the requesting Utility shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(h)      Any Utility that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance). The Interim Order shall be deemed the Final Order vis-à-vis all Utilities that do not timely file and serve a Procedures Objection.

14.      As noted above, Section 366(c) of the Bankruptcy Code requires the Debtors to, within 30 days of the Petition Date, provide the Utilities with "adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Thereafter, any such adequate assurance provided by the Debtors may be modified by the Court after notice and a hearing under Section 366(c)(3)(A) of the Bankruptcy Code. 11 U.S.C. § 366(c)(3)(A). Under the Adequate Assurance Procedures, however, the Debtors may seek a determination of appropriate adequate assurance at a Determination Hearing held after the first 30 days of these

8

HOU:3552480.4

Cases without providing interim assurances deemed "satisfactory" to the Utility. Although the Adequate Assurance Procedures are reasonable, certain Utilities might assert that, if an adequate assurance dispute is not resolved within the 30-day period immediately after the Petition Date, these procedures as implemented do not strictly comply with Section 366 of the Bankruptcy Code. Thus, if any Utility wants to opt out of the Adequate Assurance Procedures, such Utility must do so by filing a Procedures Objection and the Debtors submit that this Court schedule a hearing and issue a ruling on such Procedures Objection within 30 days after the Petition Date.

### D.  Final Hearing Date

15. To resolve any objections within 30 days of the Petition Date, the Debtors request that the Court schedule the Final Hearing on any unresolved Procedures Objections approximately thirty-five (35) days after the Petition Date. The Debtors further request that if no objections are filed with the Court, then the interim order entered by the Court become a final order without further need for hearing.

### E.  Subsequent Modification(s) to the Utility Service List

16. Despite good-faith efforts by the Debtors to list every Utility from which the Debtors receive service, certain Utilities may not be included on the Utility Service List. If the Debtors discover those certain Utilities, then the Debtors will amend the Utility Service List, and shall serve copies of the Interim Order and Final Order (when and if entered) on such newly identified Utilities.

17. The Debtors request that the Interim and Final Orders be binding on all Utilities, regardless of when any such Utility was added to the Utility Service List, provided that any such newly identified Utility shall have until the later of fourteen (14) days from the date of service and thirty (30) days from the date of the Interim Order granting this Motion to serve an Additional Assurance Request or Procedures Objection in compliance with the proposed

9

Adequate Assurance Procedures. The Debtors shall have the periods specified in the proposed Adequate Assurance Procedures to seek to resolve any such request by mutual agreement with the Utility without further order of the Court or to request a Determination Hearing with the Court to determine the adequacy of assurance of payment with respect to such Utility in accordance with such procedures.

18. The Debtors believe that the Proposed Adequate Assurance and Adequate Assurance Procedures are reasonable and satisfy the requirements of Section 366 of the Bankruptcy Code. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

19. Other bankruptcy courts have granted similar relief to that requested herein. *See, e.g.*, *In re GMX Resources Inc.*, *et al.*, Case No. 13-11456 (SAH) (W.D. Okla. Apr. 3, 2013) [Docket No. 75]; *In re Samson Resources Corp., et al.*, Case No. 15-11934-CSS (Bankr. D. Del. Sept. 22, 2015) [Docket No. 92]; *In re Sabine Oil & Gas Corp., et al.*, Case No. 15-11835-SCC (Bankr. S.D.N.Y. Aug. 10, 2015) [Docket No. 144]; *In re Buccaneer Resources, LLC, et al.*, Case No. 14-60041-DRJ (Bankr. S.D. Tex. June 10, 2014) [Docket No. 81]; *In re ATP Oil & Gas Corp.*, Case No. 12-36187-MPI (Bankr. S.D. Tex. Aug. 21, 2012) [Docket No. 138].

## REQUEST FOR INTERIM AND FINAL RELIEF

20. Because uninterrupted utility service is critical to the Debtors' ability to operate and maintain the value of their businesses for the ultimate distribution herein, the Debtors request that this Court grant the relief requested herein immediately on an interim basis for every Utility, and on a final basis to every Utility that does not file a Procedures Objection as defined herein. Unless otherwise addressed, all Procedures Objections will be resolved by separate order

10

of this Court. If no Procedures Objections are filed, the Debtors request that the Interim order become a Final Order without further action of this Court.

## NOTICE

21. Notice of this Motion has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the District of Alaska; (b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) Apollo Investment Corp.; (e) the United States Attorney's Office for the District of Alaska; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested in not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## CONCLUSION

The Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: October 1, 2015  Respectfully submitted,

ANDREWS KURTH LLP

By: /s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II
Texas Bar No. 24012503
David A. Zdunkewicz
Texas Bar No. 22253400
Joseph P. Rovira
Texas Bar No. 24066008
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
taddavidson@andrewskurth.com
dzdunkewicz@andrewskurth.com
josephrovira@andrewskurth.com

David H. Bundy
Alaska Bar No. 7210043
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434
dhb@alaska.net

PROPOSED ATTORNEYS FOR DEBTORS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 1, 2015, the foregoing document was served by ECF on the parties registered to receive electronic notices.

By: /s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II

12

HOU:3552480.4