David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

**EMERGENCY APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

**EMERGENCY CONSIDERATION OF THIS PLEADING HAS BEEN GRANTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 6, 2015 AT 1:00 P.M AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA, 605 W. 4th AVENUE, SUITE 138, ANCHORAGE, ALASKA 99501. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT ON OR BEFORE 5:00 P.M. ON OCTOBER 5, 2015. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE AND TO ANY OTHER PARTY SPECIFIED IN THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Miller Energy Resources, Inc., *et al*., debtors and debtors-in-possession in the above-captioned cases (the "Debtors" or "Miller"), hereby files this application (the "Application") for entry of an order pursuant to 28 U.S.C. § 156(c) of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the District of Alaska (the "Local Rules") approving the Debtors' agreement (the "Agreement") with Prime Clerk LLC ("Prime Clerk"), a copy of which is attached hereto as **Exhibit** "**A**," and incorporated by reference herein. In support of this Application, the Debtors rely upon the Declaration of Michael J. Frishberg, Co-President and

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

2

HOU:3597001.1

Chief Operating Officer of Prime Clerk (the "Frishberg Declaration") attached hereto as **Exhibit "B."** In further support of the Application, the Debtors respectfully state as follows:

## JURISDICTION

1.  This Court has jurisdiction to hear this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § l57(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are 28 U.S.C. § 156(c) and Rule 2002 of the Bankruptcy Rules.

## BACKGROUND

3.  On October 1, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[2]

4.  The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

5.  Contemporaneously with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases under the case of Cook Inlet Energy, LLC. A description of the Debtors' business, the reasons for filing these

---

[2] As further discussed in the First Day Declaration, an Involuntary Petition was filed August 6, 2015 against Cook Inlet Energy, LLC. Simultaneously with the filing of voluntary petitions for the other Debtors, Cook Inlet Energy, LLC has filed a Consent to Entry of the Order for Relief. The First Day Declaration contains additional information relating to the involuntary petition.

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT** *NUNC PRO TUNC* **TO OCTOBER 1, 2015**

3

HOU:3597001.1

chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration of Carl F. Giesler, Jr. (the "First Day Declaration") which was filed on the Petition Date. The Debtors hereby adopt and incorporate the First Day Declaration as if fully set forth herein.

## RELIEF REQUESTED

6. By this Application, the Debtors seek authority to employ and retain Prime Clerk to act as the official claims, noticing, solicitation and balloting agent (the "Claims Agent") in these chapter 11 cases as of April 1, 2013, pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Rule 2002 of the Bankruptcy Rules on the terms set forth in the Agreement. The Debtors seek to retain Prime Clerk as the Claims and Noticing Agent for the Debtors and their chapter 11 cases to, among other tasks, (i) serve as the noticing agent to mail notices to the estates' creditors, equity security holders, and parties in interest; (ii) provide computerized claims, objection, soliciting, and balloting database services; and (iii) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to the Debtors' bankruptcy cases, pursuant to the provisions of the Agreement.

## BASIS FOR RELIEF

7. Pursuant to section 156(c),[3] this Court is authorized to utilize facilities other than the office of the Clerk of the Bankruptcy Court (the "Clerk") for the administration of bankruptcy cases, including such matters as giving notice of hearings and orders filed in these

---

[3] 28 U.S.C. § 156(c) provides, in relevant part, that "[a]ny court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States."

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

4

chapter 11 cases, the meeting of creditors pursuant to section 341 of the Bankruptcy Code and claims bar dates, and providing record keeping and claims docketing assistance. The Debtors' selection of Prime Clerk to act as the Claims and Noticing Agent is appropriate under the circumstances and in the best interest of the estates, and the Debtors have obtained and reviewed engagement proposals from at least three other claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Prime Clerk's rates are competitive and reasonable given Prime Clerk's quality of services and expertise. The terms of Prime Clerk's retention are set forth in more detail in the Agreement.

### A.     Prime Clerk's Qualifications

8.     Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in various districts nationwide. Prime Clerk's active cases include: In *re The Great Atl. & Pac. Tea Co., Inc.*, No. 15-23007 (RDD) (Bankr. S.D.N.Y.); *In re Milagro Holdings, LLC*, No. 15-11520 (KG) (Bankr. D. Del.); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y.); *In re Northshore Mainland Servs. Inc.*, No. 15-11402 (KJC) (Bankr. D. Del.); *In re Turnberry/MGM Grand Towers, LLC*, No. 15-13706 (ABL) (Bankr. D. Nev.); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del.); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va.); *In re Adinath Corp. and Simply Fashion Stores, Ltd.*, No. 15-16885 (LMI) (Bankr. S.D. Fla.); *In re*

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

HOU:3597001.1

*EveryWare Global, Inc.*, No. 15-10743 (LSS) (Bankr. D. Del.); *In re The Standard Register Co.*, No. 15-10541 (BLS) (Bankr. D. Del.); *In re Allied Nevada Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del.); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Bankr. S.D.N.Y.); *In re Dune Energy, Inc.*, No. 15-10336 (HCM) (Bankr. W.D. Tex.); *In re Altegrity, Inc.*, No. 15-10226 (LSS) (Bankr. D. Del.); *In re RadioShack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del.); *In re C. Wonder LLC*, Case No. 15-11127 (MBK) (Bankr. D.N.J.); *In re Caesars Entm't Operating Co., Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill.).

9. By appointing Prime Clerk as the Claims and Noticing Agent in these chapter 11 cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Bankruptcy Court (the "Clerk") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

### B. Services to be Provided

10. This Application pertains to the work to be performed by Prime Clerk under 11 U.S.C. § 327(a) and under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c). Under the Agreement, Prime Clerk will perform the following services, as the Claims Agent, at the request of the Debtors or the Clerk's Office:

(a) assist the Debtors with the preparation and distribution of all required notices in the Chapter 11 Case, including: (i) notice of any claims bar date, (ii) notice of the proposed sale of the Debtor's assets (iii) notices of objections to claims and objections to transfers of claims, (iv) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (v) notice of the effective date of any plan, and (vi) all other notices, orders, pleadings, publications and other documents as the Debtors, Court, or Clerk may deem necessary or appropriate for an orderly administration of this Chapter 11 Case;

(b) assist the Debtors with plan-solicitation services including: (i) balloting, (ii) distribution of applicable solicitation materials, (iii) tabulation and calculation of votes, (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

6

HOU:3597001.1

(b) by this Court; and (v) generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results;

(c) maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d) maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(e) for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(f) receive and process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(g) maintain the official claims register (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the address for payment, if different from the notice address; (v) the amount asserted, (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vii) any disposition of the claim;

(h) implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(i) record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(j) relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Prime Clerk, not less than weekly;

(k) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

7

HOU:3597001.1

(l) identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(m) assist in the dissemination of information to the public and respond to requests for administrative information regarding this Chapter 11 Case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(n) monitor the Court's docket in this Chapter 11 Case and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

(o) comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements;

(p) if this Chapter 11 Case is converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to Prime Clerk of entry of the order converting the cases;

(q) thirty (30) days prior to the close of this Chapter 11 Case, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Prime Clerk as claims, noticing, and balloting agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of this Chapter 11 Case;

(r) within seven (7) days of notice to Prime Clerk of entry of an order closing this Chapter 11 Cases, provide to the Court the final version of the Claims Register as of the date immediately before the close of the Chapter 11 Case;

(s) at the close of the Chapter 11 Case, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims; and

(t) provide such other claims processing, noticing, solicitation, balloting and administrative services as required by the Debtors.

The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Prime Clerk. The website will also contain a docket with all pleadings filed in the cases available free of charge.

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

8

HOU:3597001.1

### C. Professional Compensation

11. The Debtors respectfully request that the undisputed fees and expenses incurred by Prime Clerk in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business pursuant to the Agreement without further application to or order of the Court. Prime Clerk agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

12. Prior to the Petition Date, the Debtors provided Prime Clerk a retainer in the amount of $50,000. Prime Clerk seeks to first apply the retainer to all prepetition invoices, and thereafter, to seek to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Agreement.

13. Additionally, under the terms of the Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Prime Clerk and its members, officers, employees, representatives, and agents under certain circumstances specified in the Agreement, except in circumstances resulting solely from Prime Clerk's gross negligence or willful misconduct or as otherwise provided in the Agreement or Retention Order. The Debtors believe that such an

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

9

HOU:3597001.1

indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

### D.    Disinterestedness

14.    Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Frishberg Declaration, Prime Clerk has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15.    To the best of the Debtors' knowledge, Prime Clerk is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), as Prime Clerk represents in the Frishberg Declaration, among other things, that Prime Clerk's members and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders or employees of the Debtors. In addition, as set forth in the Frishberg Declaration:

(a)    Prime Clerk, its members and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders or employees of the Debtors;

(b)    Prime Clerk will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c)    By accepting employment in these chapter 11 cases, Prime Clerk waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d)    In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not be an agent of the United States and will not act on behalf of the United States;

APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015

10

HOU:3597001.1

    (e)    Prime Clerk will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

    (f)    In its capacity as Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not intentionally misrepresent any fact to any person.

    (g)    Prime Clerk shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

    (h)    Prime Clerk will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

    (i)    None of the services provided by Prime Clerk as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

16.    Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

17.    To the extent that there is any inconsistency between this Application, the Retention Order, and the Agreement, the Retention Order shall govern.

## **NOTICE**

18.    Notice of this Application has been given to the parties on the proposed Master Service List, which includes (a) the Office of the United States Trustee for the District of Alaska; (b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) Apollo Investment Corp.; (e) the United States Attorney's Office for the District of Alaska; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service.  The Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

**APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015**

11

HOU:3597001.1

## **CONCLUSION**

The Debtors respectfully request that this Court enter an order (i) granting this Application; (ii) authorizing the Debtors to employ and retain Prime Clerk to act as the Claims Agent in these chapter 11 cases *nunc pro tunc* to October 1, 2015; and (iii) granting such other, further and different relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 2, 2015  MILLER ENERGY RESOURCES, INC.
Houston, Texas

_____
Carl F. Giesler, Jr.
Chief of Executive Officer
Miller Energy Resources, Inc.

APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION OF PRIME CLERK, LLC AS OFFICIAL
CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO OCTOBER 1, 2015

13

HOU:3597001.1