Erik LeRoy
Erik LeRoy, P.C.
500 L St., Suite 302
Anchorage, Alaska 99501
(907) 277-2006
Counsel for Baker Hughes Oilfield Operations, Inc.,
Baker Petrolite, LLC, Schlumberger Technology
Corporation and M-I, LLC d/b/a MI-SWACO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | |

## PETITIONING CREDITORS' RESPONSE TO DEBTORS' EMERGENCY MOTION
## FOR JOINT ADMINISTRATION OF CASES
(Responds to Dkt. 52)

Baker Hughes Oilfield Operations, Inc., Baker Petrolite, LLC, Schlumberger Technology Corporation, and M-I, LLC d/b/a MI-SWACO ("Petitioning Creditors") respond to the Debtors' Emergency Motion For Joint Administration of Cases ("Subject Motion") as follows:

1.   On August 6, 2015, the Petitioning Creditors filed an involuntary petition against Cook Inlet Energy, LLC ("CIE"). That petition was clearly meritorious, but CIE delayed consent to an order for relief. It was not until October 1, 2015 that CIE, joined by ten other entities, filed voluntary petitions for relief.

2. As described in the Geisler First Day Declaration, CIE is the entity that "owns the oil and gas leases and licenses in Alaska and oversees Miller's operations in Alaska. It also owns equipment used in Miller's drilling activities, including certain platforms and pipelines." Dkt. 61 at 16. Geisler uses "Miller" in the foregoing quote as meaning all of "the above-captioned debtors and debtors in possession" thus deliberately confusing the separate corporate existence of the numerous entities affiliated with the public company Miller Energy Resources, Inc. or the involuntary bankrupt CIE.

3. The Petitioning Creditors do not object to administrative consolidation so that there can be one docket for filings, but they do object to the seemingly deliberate blurring of lines by the debtors when it suits them or their lenders. For example, the debtors seek to file only one list of creditors on a consolidated basis and they seek to delay doing even that. Dkt. 61 at 32 and 35. As another example, the debtors seek first day approval to engage in any intercompany transfers of money they desire. Dkt. 61 at 32. Before any de facto consolidation occurs in these cases, each debtor needs to file individual and accurate schedules and statements of financial affairs. It is not appropriate for CIE, the entity that owns all the oil and gas leases, licenses, pipelines, and equipment, to support other entities out of CIE's bankruptcy estate.

Dated:  October 5, 2015                    Respectfully submitted,

**ERIK LEROY, P.C.**


/s/ Erik LeRoy
Erik LeRoy
Alaska State Bar No. 8310130
500 L St., Suite 302
Anchorage Alaska 99501
Telephone:  (907) 277-2006
E-mail:  erik@alaskanbankruptcy.com

*Counsel for Baker Hughes Oilfield Operations, Inc., Baker Petrolite, LLC, Schlumberger Technology Corporation and M-I, LLC d/b/a MI-SWACO*


## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2015, a copy of the foregoing *Creditors' Response To Debtors' Emergency Motion for Joint Administration of Cases* was electronically filed and served via the Court's CM/ECF System upon all parties registered to receive notice.


/s/ Erik LeRoy
Erik LeRoy