Erik LeRoy
Erik LeRoy, P.C.
500 L St., Suite 302
Anchorage, Alaska 99501
(907) 277-2006
Counsel for Baker Hughes Oilfield Operations, Inc.,
Baker Petrolite, LLC, Schlumberger Technology
Corporation and M-I, LLC d/b/a MI-SWACO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | |

**PETITIONING CREDITORS' RESPONSE TO DEBTORS' EMERGENCY MOTION TO EXTEND TIME TO FILE SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS, AND LISTS OF EQUITY HOLDERS**
(Responds to Dkt. 53)

Baker Hughes Oilfield Operations, Inc., Baker Petrolite, LLC, Schlumberger Technology Corporation, and M-I, LLC d/b/a MI-SWACO ("Petitioning Creditors") respond to the Debtors' Emergency Motion To Extend Time To File Schedules, Statements Of Financial Affairs, And Lists Of Equity Holders ("Subject Motion"), as follows:

1.  On August 6, 2015, the Petitioning Creditors filed an involuntary petition against Cook Inlet Energy, LLC ("CIE"). That petition was clearly meritorious, but CIE delayed consent to

an order for relief. It was not until October 1, 2015 that CIE, joined by ten other entities, filed voluntary petitions for relief.

2. As described in the Geisler First Day Declaration, CIE is the entity that "owns the oil and gas leases and licenses in Alaska and oversees Miller's operations in Alaska. It also owns equipment used in Miller's drilling activities, including certain platforms and pipelines." Dkt. 61 at 16 (emphasis added). Geisler uses "Miller" in the foregoing quote as meaning all of "the above-captioned debtors and debtors in possession" thus deliberately confusing the separate corporate existence of the numerous entities affiliated with the public company Miller Energy Resources, Inc. or the involuntary bankrupt CIE.

3. The Petitioning Creditors object to the seemingly deliberate blurring of lines by the debtors when it suits them or their lenders. For example, the debtors seek first day approval to engage in any intercompany transfers of money they desire. Dkt. 61 at 32. As another example, the debtors seek to file only one list of creditors on a consolidated basis and, in the present Subject Motion, they seek to delay doing even that. Dkt. 61 at 32 and 35. Before any de facto consolidation occurs in these cases and before any super-priority lockup of all debtors' assets occurs, each debtor needs to file individual and accurate schedules and statements of financial affairs.

4. Through their emergency cash collateral motion (Dkt. 66), the debtors seek to give their second lien holder a super-priority lien on all assets in return for a $5,000,000 DIP loan facility. There does not appear to be a need for this loan facility and emergency grant of control over this case to the lender. The Geisler Declaration admits that CIE fully expects to receive $21 million in tax credits from the State of Alaska within a matter of days. "Miller plans on using the expected approximately $21 million of Tax Credit proceeds to fund operations and the cost of the case and will use the incremental DIP Financing only to cover any shortfall." Dkt. 61 at 27.

2

5. The Petitioning Creditors are not opposed to an extension of 15 days for the debtors to file their Schedules, SOFAs, and lists of equity holders **IF** the debtors' emergency motion at Docket 66 is denied without prejudice and taken up, if at all, no earlier than 15 days after receipt of complete Schedules, SOFAs, and lists of equity holders from each of the debtors. If the cash collateral and DIP loan issues are to be taken up before receipt of the debtor's information, then the Petitioning Creditors do oppose the Subject Motion.

6. CIE has known of its need to prepare SOFA and Schedules since August 6, 2015. CIE has no excuse for not filing them timely. As grounds for their emergency motion, the other debtors state that "The U.S. Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner." There is little wonder in this since committees of unsecured creditors cannot be appointed without lists of creditors and it would be difficult to support a trustee or examiner motion without individualized information on the debtors and their intercompany relationships.

7. As further support for the Subject Motion the debtors urge that "information is located in various offices in the United States." Again there is a deliberate blurring of the lines. CIE's offices are in Alaska. According to the Geisler Declaration, the Miller Energy Resources, Inc. entities are located in Tennessee and, to the extent they have operations or assets, with the exception of four rigs, those are in Tennessee, while the other debtors' offices and assets are all in Alaska, as follows:

> Miller Energy Resources, Inc. owns "approximately 10 oil and gas wells in Tennessee and fee title to the land on which they are located, MER owns an office building and storage yard in Scott County, Tennessee, an aircraft, several vehicles and various other pieces of equipment including the four drilling rigs."
>
> Miller Drilling, TN LLC "operates the approximately 10 remaining wells in Tennessee. It has no employees."

3

    Miller Energy Services, LLC "has no assets, no operations and no employees."

    Miller Energy GP, LLC does not "have any remaining assets, operations or employees."

    Miller Rig & Equipment, LLC "no longer has any assets, operations, or employees."

    East Tennessee Consultants, Inc. owns equipment used in Miller's Tennessee operations "including certain vehicles, as well as approximately 1 acre in Scott County, Tennessee."

    East Tennessee Consultants II, L.L.C. "owns an office building in Morgan County, Tennessee. It has no operations, assets or employees."

    Anchor Point Energy, LLC is wholly-owned by CIE and "owns and operates 7.4 miles" of pipeline in Alaska.

    Savant Alaska, LLC owns and interest in and operates the Badami Unit and pipeline in Alaska.

    Nutaaq Operating LLC is an Alaska company that "owns various pieces of equipment".

    Nutaaq Pipeline, LLC is an Alaska company that "holds title to, but does not operate, the Badami Pipeline".

Dkt. 61 at 14-17.

    8.    The Petitioning Creditors request that the Court delay taking up cash collateral and super-priority lien motion until at least 15 days after the filing of complete Schedules, SOFA, and list of equity interests. In that event, the Petitioning Creditors are unopposed to the Subject Motion for extension. Otherwise, the Petitioning Creditors ask that the Court enforce Section 521 of the Bankruptcy Code and Rule 1007(a)(3) and (b) of the Federal Rules of Bankruptcy Procedure, which require a chapter 11 debtor to file with the petition, or within 14 days of the petition date, the Schedules, SOFA, and list of equity interests.

4

Dated:  October 5, 2015              Respectfully submitted,

                                     **ERIK LEROY, P.C.**


                                     */s/ Erik LeRoy*
                                     Erik LeRoy
                                     Alaska State Bar No. 8310130
                                     500 L St., Suite 302
                                     Anchorage Alaska 99501
                                     Telephone:  (907) 277-2006
                                     E-mail:  erik@alaskanbankruptcy.com

                                     *Counsel for Baker Hughes Oilfield Operations, Inc., Baker Petrolite, LLC, Schlumberger Technology Corporation and M-I, LLC d/b/a MI-SWACO*


## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2015, a copy of the foregoing *Response To Debtors' Emergency Motion To Extend Time To File Schedules, Statements Of Financial Affairs, And Lists Of Equity Holders* was electronically filed and served via the Court's CM/ECF System upon all parties registered to receive notice.


                                     */s/ Erik LeRoy*
                                     Erik LeRoy

5