Erik LeRoy
Erik LeRoy, P.C.
500 L St., Suite 302
Anchorage, Alaska 99501
(907) 277-2006
Counsel for Baker Hughes Oilfield Operations, Inc.,
Baker Petrolite, LLC, Schlumberger Technology
Corporation and M-I, LLC d/b/a MI-SWACO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Drilling, TN LLC; | § | Case No. 15-00314 |
| Miller Energy Services, LLC; | § | Case No. 15-00315 |
| Miller Energy GP, LLC; | § | Case No. 15-00316 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | |

**PETITIONING CREDITORS' RESPONSE TO DEBTORS' EMERGENCY MOTION FOR ORDER (I) AUTHORIZING PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS AND RELATED AMOUNTS, (II) CONFIRMING RIGHT OF DEBTORS TO CONTINUE EMPLOYEE PROGRAMS ON POSTPETITION BASIS, (III) CONFIRMING RIGHT OF DEBTORS TO PAY WITHHOLDING AND PAYROLL-RELATED TAXES AND (IV) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR EMPLOYEE OBLIGATIONS**
(Responds to Dkt. 56)

Baker Hughes Oilfield Operations, Inc., Baker Petrolite, LLC, Schlumberger Technology Corporation, and M-I, LLC d/b/a MI-SWACO ("Petitioning Creditors") respond to the Debtors' Emergency Motion For Order (i) Authorizing Payment Of Prepetition Employee Obligations And Related Amounts, (ii) Confirming Right Of Debtors To Continue Employee Programs On

Postpetition Basis, (iii) Confirming Right Of Debtors To Pay Withholding And Payroll-Related Taxes And (iv) Directing Banks To Honor Prepetition Checks For Employee Obligations (Responds to Dkt. 56) (the "Subject Motion"), as follows:

1. On August 6, 2015, the Petitioning Creditors filed an involuntary petition against Cook Inlet Energy, LLC ("CIE"). That Involuntary Petition was clearly meritorious, but CIE delayed consent to an order for relief. It was not until October 1, 2015 that CIE consented to an order for relief and was joined by ten other entities, which filed voluntary petitions for relief.

2. The Subject Motion states that "Debtors have determined that continuation of the Employee Programs will be vital to their ability to preserve key Employee morale" (Subject Motion at 6), but the Subject Motion (a) fails to state who are these key employees, and (b) proceeds to request continuation as to all employees regardless whether they are key or not. In short, the Debtors propose not one single reduction in costs despite their admittedly bankrupt condition. What is good for morale of "key" employees is not necessarily good for creditors.

3. The Debtors collectively assert that if they fail to pay prepetition Employee Obligations in the ordinary course some of "their Employees will suffer extreme personal hardship and, in some cases, may be unable to pay their basic living expenses" but no evidence is offered of such. See Subject Motion at 6. Despite the offered rationale, the Debtors propose to pay all Employee Obligations and all Employee Benefits to all employees, including the highest-salaried executives in the public parent company.

4. The Petitioning Creditors are not opposed to each Debtor paying the post-petition wages of that Debtor's employees who are actually necessary to operating the assets generating revenue for that Debtor. The Debtors propose instead, that all employee benefits and perquisites for all employees be paid both pre- and post-petition and that payment come from intermingled

2

funds. In their Bank Accounts motion (Dkt. 57), the Debtors seek Court permission to continue the Debtors' practice of commingling their cash, paying each others' bills, and leaving inter-company accounts receivable and payable on the general ledgers.

5. As stated in the Geisler Declaration,

> Miller enters into certain intercompany transactions as necessary to ensure the business runs smoothly. If the intercompany transactions are discontinued, a number of services provided by and to Miller would be disrupted and could affect Miller's ability to pay wages and benefits to <u>its</u> employees and make timely payments to vendors.

Dkt. 61 at 32 (emphasis added). Geisler uses "Miller" in the foregoing quote and throughout his declaration as meaning all of "the above-captioned debtors and debtors in possession" thus deliberately confusing the separate corporate existence of the numerous entities affiliated with the public company Miller Energy Resources, Inc. or the involuntary bankrupt CIE.

6. Mr. Geisler, as the top executive of Miller Energy Resources, Inc., and the other top salaried executives stand to benefit most from the emergency granting of the Wages and Benefits Motion coupled with the Bank Account Motion. That would enable them to pay unlimited salaries, benefits, vacation, travel, company credit cards,[1] life insurance, no-deductible health insurance, three months of severance pay, and many other perks, all without regard to whether Miller Energy Resources, Inc. actually has any cash to pay such things. Mr. Geisler and the management team have already announced their intention to grant their prepetition lender a super-priority lien on all the assets of all the Debtors and then proceed with a debt-for-equity swap, so the necessity for paying the Miller Energy Resources, Inc. executives is questionable.

7. In the Subject Motion, "The Debtors request that, to the extent of funds on deposit, all applicable banks and other financial institutions be directed to receive, process, honor and pay

---

[1] "Various employees within **the company** are provided corporate credit cards" Subject Motion at 15 (emphasis added).

3

all checks or electronic transfers drawn on any of the Debtors' accounts relating to the Employee Obligations, deductions, employment taxes, independent contractors and temporary workers . . ." Subject Motion at 16. There should not be inter-company borrowing or cross-collateralization in order to make payroll and benefits payments. CIE should be allowed to pay its necessary non-salaried personnel with CIE revenues. Likewise for Nutaaq Operating, LLC. The remaining employees, apparently the 16 at Miller Energy Resources, Inc., should be listed by name and the amounts for all the proposed payments along with justification for paying them.

8. The Subject Motion deliberately blends the Miller Energy Resources, Inc. payroll and the CIE payroll so that it is impossible to tell how much is paid in each. Subject Motion at 8-9. Combined, the Miller Energy Resources, Inc. and CIE payrolls are $228,000 every week for 16 Miller Energy Resources, Inc.'s employees and 43 CIE employees. That equates to $11,856,000 per year and an average of $200,949 base salary per employee per year. See Subject Motion at 7-9. Nutaaq Operating, LLC's payroll is $224,000 for 36 employees on a twice a month basis. Subject Motion at 7-9. That equates to $161,777 per year average base salary per employee. Though deliberately obfuscated, it would appear that the Miller Energy Resources, Inc. employees in Tennessee and Houston are paid much more than the CIE and Nutaaq Operating LLC Alaska employees. The Miller Energy Resources, Inc. employees also get far more life and disability insurance coverage than the CIE and Nutaaq Operating LLC employees. Subject Motion at 12.

9. Even if it is true that a "majority of employees are owed compensation amounts for prepetition services that are within the statutory priority cap of Sections 507(a)(4) and 507(a)(5)" (Subject Motion at 16), that does not mean that statutory limits on priority claims should be ignored as to the other employees. The Subject Motion states that "Seven Employees, which consist primarily of senior management, have employment contracts." These, particularly, should

4

not have all their salary and perks granted on an emergency basis and with no disclosure as to what is contained in each individual's contract, why that individual is indispensable to these bankruptcy cases, and which Debtor will be paying that individual. The Miller Energy Resources, Inc. employees also get far more life and disability insurance coverage than the CIE and Nutaaq Operating LLC employees. Subject Motion at 12.

10. In footnote 6 of the Subject Motion the Debtors state that "Any payments to officers or directors of the Debtors will be done in accordance with Bankruptcy Local Rule 2016-2," but the Subject Motion does not even attempt to meet the requirements of that rule. The Debtors did file a separate Notice of Intent to Take Compensation Pursuant to AK LBR 2016-2 at docket 60. That Notice discloses only four of the seven Miller Energy Resources, Inc. executives and one CIE executive. These five executives have monthly salaries of $187,000 out of the total of $912,000 for all Miller Energy Resources, Inc. and CIE employees. That means that the remaining 54 employees in that group make $725,000 and average $13,425 per month (i.e. less than half what the executives make). This is without taking into account all the benefits and perks of these executives.

11. The Petitioning Creditors request that the Debtors be ordered to make a showing, on a debtor-by-debtor basis of the necessity and amount of wages, salaries, benefits, and other perquisites proposed to be paid to each employee and the necessity of that employee to the debtor's bankruptcy case before considering the emergency motion. Alternatively, the Petitioning Creditors request that the Subject Motion be granted only as to hourly and day-rate workers at this time and that no payments be made to or for the benefit of any employees except out of the cash generated by that particular debtor.

Dated:  October 5, 2015               Respectfully submitted,

**ERIK LEROY, P.C.**


                                      */s/ Erik LeRoy*
                                      Erik LeRoy
                                      Alaska State Bar No. 8310130
                                      500 L St., Suite 302
                                      Anchorage Alaska 99501
                                      Telephone:  (907) 277-2006
                                      E-mail:  erik@alaskanbankruptcy.com

                                      *Counsel for Baker Hughes Oilfield Operations, Inc., Baker Petrolite, LLC, Schlumberger Technology Corporation and M-I, LLC d/b/a MI-SWACO*


### CERTIFICATE OF SERVICE

    I hereby certify that on October 5, 2015, a copy of the foregoing *Response To Debtors' Emergency Motion For Order (I) Authorizing Payment Of Prepetition Employee Obligations And Related Amounts, (II) Confirming Right Of Debtors To Continue Employee Programs On Postpetition Basis, (III) Confirming Right Of Debtors To Pay Withholding And Payroll-Related Taxes And (IV) Directing Banks To Honor Prepetition Checks For Employee Obligations* was electronically filed and served via the Court's CM/ECF System upon all parties registered to receive notice.


                                      */s/ Erik LeRoy*
                                      Erik LeRoy