David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

Proposed Attorneys for the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC; | § | Case No. 15-00236 |
| Miller Energy Resources, Inc.; | § | Case No. 15-00313 |
| Miller Energy Services, LLC; | § | Case No. 15-00314 |
| Miller Energy GP, LLC; | § | Case No. 15-00315 |
| Miller Rig & Equipment, LLC; | § | Case No. 15-00316 |
| Miller Drilling, TN LLC; | § | Case No. 15-00318 |
| East Tennessee Consultants, Inc.; | § | Case No. 15-00319 |
| East Tennessee Consultants II, L.L.C.; | § | Case No. 15-00320 |
| Anchor Point Energy, LLC; | § | Case No. 15-00321 |
| Savant Alaska, LLC; and | § | Case No. 15-00322 |
| Nutaaq Operating LLC.[1] | § | Case No. 15-00323 |
| | § | |
| Debtors. | § | Joint Administration Requested |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

**ORDER (I) AUTHORIZING PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS AND RELATED AMOUNTS, (II) CONFIRMING RIGHT OF DEBTORS TO CONTINUE EMPLOYEE PROGRAMS ON POSTPETITION BASIS, (III) CONFIRMING RIGHT OF DEBTORS TO PAY WITHHOLDING AND PAYROLL-RELATED TAXES AND (IV) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR EMPLOYEE OBLIGATIONS**

[Relates to Docket No. 56]

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order under 11 U.S.C. §§ 105, 363 and 507 (i) authorizing the Debtors to pay, or otherwise honor various employee-related prepetition obligations of the Debtors, or for the benefit of their salaried and hourly employees, (collectively, the "Employees"), including without limitation prepetition obligations for wages, salaries and other accrued compensation; reimbursement of reimbursable business and travel; various health and dependent care coverage; vacation and sick leave pay; savings for retirement; and for long term disability (all prepetition obligations owed to or for the benefit of Employees, including, without limitation, the above described obligations are the "Prepetition Employee Obligations"); (ii) confirming the right of the Debtors in the ordinary course of business to continue during the pendency of these cases the plans, programs and policies in effect immediately prior to the filing of these cases from which the Prepetition Employee Obligations arise (the "Employee Programs"); (iii) authorizing the Debtors to continue to utilize the services of the administrators of, or third party providers under, such plans, programs and policies (the "Administrators"), and to pay the prepetition claims of the Administrators as necessary to protect Employees; (iv) confirming that the Debtors are permitted to pay any and all local, state and federal withholding and payroll-related taxes relating to prepetition periods; and (v) directing banks to honor prepetition checks for payment of Prepetition Employee Obligations, and authorizing the Debtors to reimburse the Employees for any loss incurred as a result of any bank's failure to honor such a prepetition check; and upon the Declaration of Carl F. Giesler, Jr.,

Chief Executive Officer of Miller Energy Resources, Inc., *et al.*, in Support of Chapter 11 Petitions and First Day Motions; and the Court having determined that it has jurisdiction over the matters raised by the Motion and that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED:

1. The Motion is GRANTED.

2. The Debtors are authorized to pay or otherwise honor the Prepetition Employee Obligations to, or for the benefit of, their Employees.

3. Nothing in this order authorizes the Debtors to pay any amounts for any executive bonus program and any amounts owed on account of a key employee retention plan.

4. The Debtors shall not pay amounts exceeding $12,475.00 for employee compensation and benefit plan contributions pursuant to 11 U.S.C. §§ 507(a)(4) and 507(a)(5).

5. The Debtors are authorized to continue on a postpetition basis each of the Employee Programs in effect immediately prior to the filing of these cases.

6. The Debtors are authorized, but not required, to continue their retention of the third-party administrators postpetition, and are further authorized to pay any prepetition claims of any such administrator arising from the Employee Programs as necessary to insure the uninterrupted delivery of payments or benefits to the Employees.

7. The banks upon which any checks are drawn in payment of the Prepetition Employee Obligations, either before, on or after the Petition Date, are authorized and directed to honor such checks upon presentation of any such checks. Such banks are authorized and

directed to rely on the representations of the Debtors as to which checks are in payment of the Prepetition Employee Obligations.

8. The Debtors are authorized to issue new postpetition checks to replace any checks that may be dishonored notwithstanding the foregoing authorization, and to reimburse any expenses that Employees may incur as a result of any bank's failure to honor a prepetition check.

9. The Debtors are authorized to pay any and all withholding taxes (local, state and federal), whether such taxes relate to the period before or after the Petition Date.

10. The banks upon which any checks are drawn in payment of such taxes, whether before, on, or after the Petition Date, are authorized and directed to honor such checks upon presentation any such checks. Such banks are authorized and directed to rely on the representations of the Debtors as to which checks are in payment of such taxes.

11. Any party receiving payment from the Debtors is authorized and directed to rely upon the representation of the Debtors as to which payments are authorized by this Order.

12. Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to the Motion, shall be deemed as assumption or adoption of any policy, program, practice, contract or agreement, or shall otherwise affect the Debtors' right under 11 U.S.C. § 365 to assume or reject any executory contract.

13. Notwithstanding any Rule of the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon its entry.

Signed on this 8th day of October, 2015.

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

4

HOU:3599364.1

**AGREED AS TO FORM**

*/s/ Thomas A. Buford II*
**Thomas A. Buford III**
**Assistant United States Trustee**
**700 Stewart Street, Suite 5103**
**Seattle, WA 98101**
**Thomas.A.Buford@usdoj.gov**


*/s/ Erik Leroy*
**Erik LeRoy**
**Erik LeRoy, P.C.**
**500 L. St., Suite 302**
**Anchorage, Alaska 99501**
**erik@alaskabankruptcy.com**


Serve:

- Charles A Beckham
- Michelle L. Boutin
- Thomas A. Buford
- David H. Bundy
- Kristen Campana
- Christopher L Castillo
- Cabot C. Christianson
- Kari B. Coniglio
- Timothy A. Davidson
- Wayne G. Dawson
- Carl Dore
- Dennis G. Fenerty
- Evan D. Flaschen
- Ashley Gargour
- Thomas H. Grace
- Curt Roy Hineline
- Michael Jungreis
- Jonathan W Katchen
- David L. Lawton
- Erik LeRoy
- Joseph P. Rovira
- John J. Sparacino
- U.S. Trustee's Office
- Joshua W Wolfshohl
- David A. Zdunkewicz
- SVS

5

HOU:3599364.1