David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, Alaska  99501
Telephone:  (907) 248-8431
Facsimile:   (907) 248-8434

Timothy A. ("Tad") Davidson II *(admitted pro hac vice)*
David A. Zdunkewicz *(admitted pro hac vice)*
Joseph P. Rovira *(admitted pro hac vice)*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:  (713) 220-4285

Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC, *et al.*;[1] | § | Case No. 15-00236 |
| | § | |
| Debtors. | § | Jointly Administered |

## DECLARATION OF CARL F. GIESLER, JR., CHIEF EXECUTIVE OFFICER OF MILLER ENERGY RESOURCES, INC., *ET AL.*, IN SUPPORT OF RETENTION OF ANDREWS KURTH, LLP

I, Carl F. Giesler, Jr., hereby declare:

1.       I am the Chief Executive Officer of Miller Energy Resources, Inc. ("MER"), one

of the above-captioned debtors and debtors in possession (collectively, "Miller" or the

"Debtors").   In this capacity, I am familiar with Miller's day-to-day operations, businesses,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908)

capital structure, organization, financial affairs, legal and regulatory matters and books and records.

2.      I submit this Declaration in support of the Application for Entry of an Order Authorizing the Employment and Retention of Andrews Kurth LLP ("AK") as Counsel to the Debtors *nunc pro tunc* to the Petition Date [Docket No. 147] which was approved by order of the Court on November 10, 2015 [Docket No. 268].  The purpose of this Declaration is respond to a request for supplemental disclosure from the Debtors by the United States Trustee.

3.      In early 2015, prior to the bankruptcy cases being filed, the Debtors undertook an interview process to hire general corporate counsel.  Such process was undertaken, at my direction, by Kurt C. Yost, the Debtors' Senior Vice President and General Counsel.  Mr. Yost, who is based in Tennessee, requested proposals from several different law firms, including, but not limited to, Vinson & Elkins, Norton Rose Fulbright, Baker Donelson, Troutman Sanders, Bass Berry & Woods, and AK.  Mr. Yost interviewed each firm and reviewed their proposals, which included proposed billing rates.  Ultimately, AK was selected based on its experience, industry reputation and favorable billing rates which were comparable to those submitted by other parties of similar size and experience.

4.      As the Debtors moved forward and the need to restructure its debts became necessary, AK's engagement evolved from that of general corporate counsel to restructuring counsel.  The Debtors moved forward initially with exploring potential out-of-court restructuring options.

5.      When it became clear that bankruptcy would be necessary, Mr. Yost interviewed additional law firms, Sidley Austin and Skadden, Arps, Slate, Meagher & Flom, before the

HOU:3608760.2

Debtors made a final determination on which firm would be the best to represent them in bankruptcy.

6.      The Debtors chose to engage AK to represent them in the bankruptcy based on its comparable billing rates to those previously submitted, the institutional knowledge it had gained in serving as corporate counsel and assisting with the out-of-court restructuring process, and the reputation, quality and expertise of counsel at AK.

7.      Based on this interview process and my experience dealing with law firms of comparable size and capabilities, I believe that the billing rates AK is charging in these cases are comparable to those of non-bankruptcy practitioners at firms of comparable size and capabilities. AK is not charging any above-customary rates.

8.      The Debtors have been and will continue to review the invoices submitted by professionals, including AK.  Such invoices are reviewed in detail by Mr. Yost, as well as by Phillip G. Elliot, the Debtors Chief Financial Officer, and myself to insure that fees and costs are appropriate from the Debtors' perspective.  Prior to the bankruptcy filing the Debtors agreed to a weekly budget for the fees of AK (as well as the Debtors' other professionals) in the Final Cash Collateral Budget [Docket No. 191] which sets forth the weekly estimate of fees and expenses for AK for the first 19 weeks of the Debtors' cases.

HOU:3608760.2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct to the best of my knowledge, information and belief.

Dated: November 13, 2015
Houston, Texas

Carl F. Giesler, Jr.
Chief of Executive Officer
Miller Energy Resources, Inc.

HOU:3608760.2